St. John v. Harrington.

May Term, 1856.

*J. S. Newman* and *J. P. Siddall*, for the appellee.

---

St. John and Others *v.* Harrington and Others.

Under section 23, R. S. 1843, p. 767, attaching creditors, having obtained judgment at law, must proceed at law; and the question, whether the garnishee has illegally disposed of the attached property, after service of the writ of attachment, is triable at law and not in equity.

*Saturday, June 14.*

ERROR to the *Vigo* Circuit Court.

*Per Curiam.*—In chancery. *Harrington* entered into a contract with the Board of Trustees of the *Wabash* and *Erie* Canal, whereby, for a consideration, he agreed to excavate and construct certain portions of the canal designated as sections 65, 66, 68, 57, 155, 156. Said contract contained the following stipulation: "When in the opinion of the trustees it may be necessary to secure the laborers employed on the jobs herein contracted their wages, and the trustees may think justice

requires it, they are hereby authorized to pay said laborers the amount of their claims against their employer, whether he be the principal or a sub-contractor, and the receipts of the laborers for payments so made shall be good against such employer."

The trustees, on the 15th of *December*, 1849, owed *Harrington*, on account of work done on the above sections, 4,559 dollars. Of this sum *John H. Hager*, the then disbursing agent of said board, paid *Harrington* 500 dollars. Also, at his request, the agent paid one *Sullivan* 160 dollars, leaving a balance in the agent's hands of 3,894 dollars. These payments were made at the above date; but afterwards, on the same day, *Harrington* gave to the parties who filed the original bill in this case various orders on said agent for the payment of money, viz., an order to *Groverman* and *Bourne* for 1,863 dollars, one to *Bement & Co.* for 562 dollars, and another to *Beymer* and *Graff* for 36 dollars. These orders were accepted; and for the recovery of the several sums of money, therein specified, this suit was instituted.

After this, *Harrington*, having absconded and left the State, *Rufus St. John* sued out against him a writ of foreign attachment, which was served on said trustees on the 19th of *December*, 1849. Under this writ, seven persons, alleging themselves to be creditors of *Harrington*, filed their respective claims against him. These creditors, with *St. John* and the trustees of the canal, are made defendants. The bill alleges that the board of trustees, by reason of the conflicting claims of the complainants and the plaintiffs in the attachment, refuse to pay, &c. The defendants, who were the attaching creditors, answered, and filed their cross bill praying relief against the complainants and the trustees, and the latter answered. It appeared that those defendants who claim under the attachment, had, on the said 15th of *December*, notified *Hager*, the disbursing agent, of their demands against *Harrington*. This notice, however, was not given until after the above orders were accepted. It appeared also, that the trustees, after ser-

May Term,
1856.

St. John
v.
Harrington.

vice of said writ, paid an engineer, on section 156, 500 dollars, and to laborers (who had been in the employ of *Harrington* on other sections) 1,430 dollars, leaving of his money in the trustees' hands 1,963 dollars. It further appeared, that said attaching creditors had recovered, in the *Vigo* Circuit Court, judgments against *Harrington* for their respective demands. In the cross bill there is a charge of fraud against the complainants and the trustees; but that charge is unsustained by proof. The Court on final hearing decreed that the whole of the 1,963 dollars, with interest, &c., be paid to the complainants as follows: to *Groverman* and *Bourne* 1,400 dollars; to *Bement & Co.* 638 dollars; and to *Beymer* and *Graff*, 41 dollars; that the cross bill of the defendants, *Rufus St. John et al.*, be dismissed; that the complainants and the trustees recover their costs against the complainants in the cross bill, and that the complainants in the original bill recover their costs against the board of trustees, &c.

That the complainants, by virtue of their orders, were entitled, in equity, to payment out of *Harrington's* funds in the hands of the trustees, is not contested; but it is contended that, as to the payments made by them after the service of the attachment, they must be held liable for the amount thereof to the plaintiffs. Suppose this position to be correct, it constitutes no ground of defense to the complainants' bill. The attaching creditors, having obtained judgments against *Harrington*, the law at once pointed out their mode of procedure against the trustees. R. S. 1843, p. 767, s. 23. If they were regularly summoned as garnishees, the question whether the trustees had illegally disposed of *Harrington's* funds in their hands, after service of the writ, was one plainly triable at law, and not in equity.

Gookins, J.—Having been concerned as counsel in the cause, was absent.

The judgment is affirmed.

*A. Kinney*, for the plaintiffs.

*S. B. Gookins* and *W. D. Griswold*, for the defendants.